**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **AMY BLAKE** 1072 Perron Road SE Carrollton, OH 44615 | **CASE NO.** |
| Plaintiff, | **JUDGE:** |
| vs. | **COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND OTHER EQUITABLE RELIEF PURSUANT TO THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552** |
| **FEDERAL BUREAU OF INVESTIGATION** 935 Pennsylvania Avenue, NW Washington, D.C. 20535-0001 | |
| Defendant. | |

Now comes the Plaintiff, Amy Blake, by and through her undersigned Counsel, and for her Complaint she states and alleges the following:

## INTRODUCTION

1.     Plaintiff, Amy Blake, brings this Action pursuant to the Freedom of Information Act (*hereinafter* "**FOIA**"), 5 U.S.C. § 552, and other applicable law, to seek relief including, but not limited to, enjoining the Defendant, the Federal Bureau of Investigation (*hereinafter* "**FBI**"), from withholding the records and materials requested by Plaintiff, by and through her Counsel, in two separate FOIA requests regarding an incident which occurred on or about July 15, 2024, where agent(s) of the FBI shot and killed Plaintiff's son, Jacob Bible (*hereinafter referred to as the* "**subject incident**").

2.     Both of Plaintiff's FOIA requests were denied, both denials were administratively appealed, both denials were affirmed on appeal, and neither the Office of Government Information Services (*hereinafter* "**OGIS**") or the FBI's Public Liaison were able to help resolve this dispute.

Accordingly, Plaintiff's administrative remedies have been fully exhausted, and Plaintiff now brings this Action pursuant to 5 U.S.C. § 552(a)(4)(B).

3.     These requests are time sensitive as Plaintiff needs to determine what, if any, basis exists to pursue any civil claim(s) for the shooting and killing of her son, Jacob Bible, and the identity of the parties that were involved in the subject incident, so that Plaintiff and the deceased's future estate can comply with all applicable statute(s) of limitation. *See, e.g.*, Ohio Revised Code § 2125.02(F)(1).

## JURISDICTION AND VENUE

4.     Plaintiff restates all paragraphs above as though fully rewritten herein.

5.     This Court has subject matter jurisdiction over this Action pursuant to 5 U.S.C. § 552(a)(4)(B), and pursuant to 28 U.S.C. § 1331 as this Action presents a federal question.

6.     This Court has jurisdiction to grant declaratory, injunctive, and any further necessary or proper relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 2201–2202.

7.     Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B), since Plaintiff, Amy Blake, as the complainant in this Action, resides at 1072 Perron Road SE, in the Village of Carrollton, Ohio 44615, in Carroll County, which is within this Court's jurisdiction.

8.     Furthermore, venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B), because, upon information and belief, some or all of the records requested by and through Plaintiff's first and/or second FOIA request(s) are situated in the FBI's Cleveland Field Office, located at 1501 Lakeside Avenue, Cleveland, Ohio 44114, in Cuyahoga County, which is within this Court's jurisdiction.

## PARTIES

9.      Plaintiff restates all paragraphs above as though fully rewritten herein.

10.     The Plaintiff, Amy Blake, resides at 1072 Perron Road SE, in the Village of Carrollton, Carroll County, Ohio 44615.

11.     Defendant, the FBI, maintains its headquarters at 935 Pennsylvania Avenue, NW, Washington, D.C. 20535-0001.

12.     Upon information and belief, the FBI's Cleveland Field Office, by and through its agent(s), was involved in the subject incident and may possess some or all of the records requested by and through Plaintiff's FOIA requests.

13.     The FBI's Cleveland Field Office is located at 1501 Lakeside Avenue, Cleveland, Ohio 44114.

14.     Upon information and belief, the FBI's Safe Streets Task Force, by and through its agent(s), was involved in the subject incident and may possess some or all of the records requested by and through Plaintiff's FOIA requests.

15.     Upon information and belief, the FBI's Safe Streets Task Force operates out of the Cleveland Field Office, located at 1501 Lakeside Avenue, Cleveland, Ohio 44114.

16.     Upon information and belief, the FBI's Safe Streets Task Force also operates out of 4518 Fulton Drive NW, Suite 201, Canton, Ohio 44718.

## STATEMENT OF FACTS

17.     Plaintiff restates all paragraphs above as though fully rewritten herein.

18.     The subject incident occurred on or about July 15, 2024, when the FBI, by and through its agents, and with the cooperation and assistance of local law enforcement including, but

not limited to, the Carroll County Sheriff's Office, was attempting to execute search warrants on the premises of 1072 Perron Road SE, Carrollton, Ohio 44615.

19.     Two of the FBI's agents involved in the organization and execution of the search warrants at or around the time and place of the subject incident were Agent Jordan Shank, Task Force Agent of the FBI's Safe Streets Task Force (*hereinafter* "**Agent Shank**"), and Agent Greg Nelsen, Special Agent in Charge, Cleveland Field Office (*hereinafter* "**Agent Nelsen**").

20.     During the attempted execution of the search warrants, the FBI, by and through its agents, shot and killed Jacob Bible.

21.     Plaintiff, Amy Blake, is the mother of the deceased, Jacob Bible.

22.     On August 16, 2024, the Plaintiff, Amy Blake, by and through her Counsel, submitted Plaintiff's first FOIA request directed to the FBI's Record/Information Dissemination Section which identified fourteen (14) categories of materials requested. *See* **Exhibit 1**.

23.     The fourteen (14) categories of materials requested in Plaintiff's first FOIA request included the following:

   a.   Request Number 1: "All video from July 15, 2024, of the subject incident, events leading up to the subject incident, and events following the subject incident, including, *but not limited to*, body camera video, dash camera video, and surveillance video."

   b.   Request Number 2: "All video of Jacob Bible on July 15, 2024, and at any time prior to July 15, 2024."

   c.   Request Number 3: "All video of 1072 Perron Road SE, Carrollton, Ohio 44615, and curtilage thereto on July 15, 2024, and at any time prior to July 15, 2024."

d.   Request Number 4: "All investigative reports regarding the subject incident including, *but not limited to*, report(s) of the shooting and investigation of the use of deadly force, along with investigatory findings and remedial measures and/or disciplinary actions taken."

e.   Request Number 5: "All witness statements regarding the subject incident."

f.   Request Number 6: "All warrants, including all attachments and addendums thereto, which were executed on July 15, 2024, at or near 1072 Perron Road SE, Carrollton, Ohio 44615."

g.   Request Number 7: "All correspondence regarding the execution of any warrant(s) upon 1072 Perron Road SE, Carrollton, Ohio 44615, and/or for Jacob Bible."

h.   Request Number 8: "Identification of all persons, entities, and/or agencies present at or near 1072 Perron Road SE, Carrollton, Ohio 44615, on July 15, 2024."

i.   Request Number 9: "Identification of all persons, entities, and/or agencies involved in the execution of any warrant(s) at or near 1072 Perron Road SE, Carrollton, Ohio 44615, on July 15, 2024."

j.   Request Number 10: "The complete personnel file for any individual who discharged a firearm, taser, and/or mace during the subject incident."

k.   Request Number 11: "The complete personal file for any individual whose actions resulted in the death of Jacob Bible."

l.   Request Number 12: "The FBI's use-of-force training manual, materials, syllabus, and requirements."

m.   Request Number 13: "All correspondence between the FBI and the Carroll County Sheriff's Office regarding the subject incident, the investigation of the subject

incident, and/or the execution of any warrant(s) at or near 1072 Perron Road SE, Carrollton, Ohio 44615."

    n.   Request Number 14: "A complete log of any items seized from 1072 Perron Road SE, Carrollton, Ohio 44615, and/or Jacob Bible."

24.    Plaintiff's first FOIA request reasonably described the records requested and complied with published rules stating the time, place, applicable fees, and procedures to be followed. *See* **Exhibit 1**.

25.    Plaintiff's first FOIA request was sent via certified mail on August 16, 2024.

26.    Plaintiff's first FOIA request was also submitted via the eFOIPA portal on August 16, 2024.

27.    On August 16, 2024, at 11:50 a.m. EST, Counsel for Plaintiff received an email confirming that Plaintiff's eFOIA request was received.

28.    In a letter dated August 28, 2024, from Michael G. Seidel, Section Chief of the Record/Information Dissemination Section, Information Management Division, of the FBI (*hereinafter* "**Seidel**"), receipt of Plaintiff's first FOIA request was acknowledged and was referred to as a Freedom of Information/Privacy Acts (FOIPA) request,. *See* **Exhibit 2**.

29.    Plaintiff's first FOIA request was identified in the August 28, 2024, letter from Seidel as FOIPA Request No. 1644612-000.

30.    In a separate letter dated August 28, 2024, from Seidel, the FBI denied Plaintiff's request to expedite processing of Plaintiff's first FOIA request. *See* **Exhibit 3**.

31.    On August 28, 2024, Counsel for Plaintiff submitted Plaintiff's first FOIA request directly to Agent Shank via email: jshank@fbi.gov. *See* **Exhibits 4A & 4B**.

32.     On August 28, 2024, Counsel for Plaintiff submitted Plaintiff's first FOIA request directly to Agent Nelsen via email: gdnelsen@fbi.gov. *See* **Exhibits 5A & 5B**.

33.     On August 28, 2024, Attorney Kimberly J. Schwarting (*hereinafter* "**Attorney Schwarting**"), as one of the attorneys for the Cleveland FBI, responded to Counsel for Plaintiff via email acknowledging that she had received the emails sent to Agent Shank and Agent Nelsen and advised that all FOIA requests directed to the FBI should be submitted through the online FOIA website: https://www.foia.gov/agency-search.html?id=e366935f-20e1-4404-ac40-ed5518a5ce5a&type=component. *See* **Exhibit 6**.

34.     On August 28, 2024, Counsel for Plaintiff submitted Plaintiff's first FOIA request through the FOIA.gov website provided by Attorney Schwarting. *See* **Exhibit 7**.

35.     The confirmation ID for the online submission of Plaintiff's first FOIA request was: 1433936. *See* **Exhibit 7**.

36.     A copy of the FOIA request letter emailed to Agent Nelsen was provided as additional information in the online submission of Plaintiff's first FOIA request. *See* **Exhibits 5B & 7**.

37.     In a letter dated October 22, 2024, Plaintiff's first FOIA request identified as FOIPA Request No. 1644612-000 was denied it its entirety by the FBI. *See* **Exhibit 8**.

38.     The alleged basis for denial of Plaintiff's first FOIA request, FOIPA Request No. 1644612-000, was that, "[t]he material you requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A)." *See* **Exhibit 8**.

39.     On November 20, 2024, Plaintiff, by and through her Counsel, emailed the FBI's Public Liaison at FOIPAQUESTIONS@FBI.GOV to seek dispute resolution assistance regarding

the FBI's blanket denial of Plaintiff's first FOIA request, FOIPA Request No. 1644612-000. *See* **Exhibit 9**.

40.     On November 20, 2024, Plaintiff, by and through her Counsel, also emailed the OGIS to seek assistance in mediating the dispute regarding Plaintiff's first FOIA request, FOIPA Request No. 1644612-000. *See* **Exhibit 10**.

41.     On December 2, 2024, an unidentified "Public Information Officer" with the FBI's Public Liaison office replied to Plaintiff's request by email stating, in part, "[r]egarding your below inquiry, we conducted an additional review of your request. We determined that the processing of your request complied with our standard procedures, and further action is not required. As a result, we are unable to resolve your dispute." *See* **Exhibit 9**.

42.     On December 9, 2024, OGIS responded to Counsel for Plaintiff with a letter, sent via email, which instructed Plaintiff to file a FOIA administrative appeal. *See* **Exhibits 10 & 11**.

43.     On January 3, 2025, Plaintiff, by and through her Counsel, submitted Plaintiff's second FOIA request via the FOIA.gov website. *See* **Exhibits 12A & 12B**.

44.     Plaintiff's second FOIA request only requested one (1) category of materials: "All video from July 15, 2024, depicting Jacob Bible during the subject incident, pursuit, and shooting, including, but not limited to, body camera video, dash camera video, and surveillance video." *See* **Exhibit 12B**.

45.     Plaintiff's second FOIA request reasonably described the records requested and complied with published rules stating the time, place, applicable fees, and procedures to be followed. *See* **Exhibit 12B**.

46.     In response to the denial of Plaintiff's first FOIA request, FOIPA Request No. 1644612-000, Plaintiff, by and through her Counsel, filed an administrative appeal on January 16, 2025, identified by Appeal No. A-2025-00705. *See* **Exhibit 13**.

47.     In a letter dated January 24, 2025, Plaintiff's second FOIA request, identified as FOIPA Request No. 1644612-001, was denied in its entirety by the FBI. *See* **Exhibit 14**.

48.     On February 25, 2025, in a letter from Rianna Barrett (*hereinafter* "**Barrett**"), Associate Chief, for Christinia Troiani, Chief, Administrative Appeals Staff, regarding Appeal No. A-2025-00705, the FBI's denial of Plaintiff's first FOIA request, FOIPA Request No. 1644612-000, was affirmed, on partly modified grounds. *See* **Exhibit 15**.

49.     The letter from Barrett of February 25, 2025, included a website address to find the "FBI Domestic Investigations and Operations Guide (DIOG) 2024 Version" in response to item number twelve (12) of Plaintiff's first FOIA request, but no other responsive records were provided. *See* **Exhibit 15**.

50.     In response to the denial of Plaintiff's second FOIA request, FOIPA Request No. 1644612-001, Plaintiff, by and through her Counsel, filed an administrative appeal on February 26, 2025, identified by Appeal No. A-2025-00952. *See* **Exhibit 16**.

51.     On February 27, 2025, Plaintiff, by and through her Counsel, emailed the OGIS again to request that mediation be scheduled following the decision in the administrative appeal, Appeal No. A-2025-00705, and the denial of Plaintiff's second FOIA request, FOIPA Request No. 1644612-001. *See* **Exhibit 10**.

52.     On March 6, 2025, in a letter from Barrett regarding Appeal No. A-2025-00705, the FBI's denial of Plaintiff's second FOIA request, FOIPA Request No. 1644612-001, was affirmed. *See* **Exhibit 17**.

53.     On March 6, 2025, Plaintiff, by and through her Counsel, emailed the OGIS again to supplement the prior inquiry of February 27, 2025, with the outcome of the administrative appeal, Appeal No. A-2025-00705, and to reiterate Plaintiff's request for the OGIS to assist in mediating the disputes over both of Plaintiff's FOIA requests. *See* **Exhibit 10**.

54.     Having not received a response from the OGIS, Counsel for Plaintiff called the OGIS on March 25, 2025, and left a voice message to follow up on the prior email requests of February 27, 2025, and March 6, 2025.

55.     On March 25, 2025, Counsel for Plaintiff also sent another email to the OGIS to follow up on the prior email requests of February 27, 2025, and March 6, 2025.

56.     On April 10, 2025, the OGIS sent a letter to Counsel for Plaintiff, via email, and confirmed that Plaintiff's submission was reviewed and the OGIS was not able to provide assistance and would not take any further action. *See* **Exhibits 10 & 18**.

57.     Plaintiff, by and through her Counsel, has exhausted her administrative remedies regarding Plaintiff's first and second FOIA requests.

58.     Other than the website address provided by Barrett in the letter of February 25, 2025, in response to item number twelve (12) of Plaintiff's first FOIA request, Defendant has not released to Plaintiff any further records responsive to Plaintiff's first and/or second FOIA request(s).

## COUNT I

### (Failure of Defendant to Comply With 5 U.S.C. § 552(a)(3)
### as to Plaintiff's First FOIA Request)

59.     Plaintiff restates all paragraphs above as though fully rewritten herein.

60.     Plaintiff's first FOIA request reasonably described the records requested and complied with published rules stating the time, place, applicable fees, and procedures to be followed, in compliance with 5 U.S.C. § 552(a)(3)(A) and other applicable law.

61.     Pursuant to 5 U.S.C. § 552(a)(3)(A), the Defendant is obligated to make the records requested by and through Plaintiff's first FOIA request promptly available to Plaintiff.

62.     Pursuant to 5 U.S.C. § 552(a)(3)(C), the Defendant is obligated to make reasonable efforts to search for all records responsive to Plaintiff's first FOIA request.

63.     Other than the website address provided by Barrett in the letter of February 25, 2025, in response to item number twelve (12) of Plaintiff's first FOIA request, Defendant has refused to make available any further records requested by and through Plaintiff's first FOIA request.

64.     Plaintiff has a legal right to obtain the records which were requested by and through Plaintiff's first FOIA request, and no legal basis exists for Defendant to deny Plaintiff that right.

65.     Defendant's failure to make the records responsive to Plaintiff's first FOIA Request promptly available to Plaintiff constitutes a violation of 5 U.S.C. § 552(a)(3)(A) and/or other provisions of 5 U.S.C. § 552.

## **COUNT II**

### **(Failure of Defendant to Comply With 5 U.S.C. § 552(a)(3) as to Plaintiff's Second FOIA Request)**

66.     Plaintiff restates all paragraphs above as though fully rewritten herein.

67.     Plaintiff's second FOIA request reasonably described the records requested and complied with published rules stating the time, place, applicable fees, and procedures to be followed, in compliance with 5 U.S.C. § 552(a)(3)(A) and other applicable law.

68.     Pursuant to 5 U.S.C. § 552(a)(3)(A), the Defendant is obligated to make the records requested by and through Plaintiff's second FOIA request promptly available to Plaintiff.

69.     Pursuant to 5 U.S.C. § 552(a)(3)(C), the Defendant is obligated to make reasonable efforts to search for all records responsive to Plaintiff's second FOIA request.

70.     Defendant has refused to make available the records requested by and through Plaintiff's second FOIA request.

71.     Plaintiff has a legal right to obtain the records which she requested by and through Plaintiff's second FOIA request, and no legal basis exists for Defendant to deny Plaintiff that right.

72.     Defendant's failure to make the records responsive to Plaintiff's second FOIA Request promptly available to Plaintiff constitutes a violation of 5 U.S.C. § 552(a)(3)(A) and/or other provisions of 5 U.S.C. § 552.

## COUNT III

**(Improper Withholding of Records Responsive to Plaintiff's First FOIA Request)**

73.     Plaintiff restates all paragraphs above as though fully rewritten herein.

74.     Defendant is required to release the records responsive to Plaintiff's first FOIA request, unless Defendant "reasonably foresees that disclosure would harm an interest protected by an exemption described in [5 U.S.C. § 552(b)]", or if "disclosure is prohibited by law." 5 U.S.C. § 552(a)(8)(A)(i)(I)-(II).

75.     Defendant was required to notify Plaintiff of its determination to withhold the records requested by and through Plaintiff's first FOIA request, and to notify Plaintiff of the lawful reason(s) for making that determination. *See*, *e.g.*, 5 U.S.C. § 552(a)(6)(A)(i)(I).

76.     Other than the website address provided by Barrett in the letter of February 25, 2025, in response to item number twelve (12) of Plaintiff's first FOIA request, Defendant refused to provide any other records responsive to Plaintiff's first FOIA request. *See* **Exhibits 8 & 15**.

77.     Defendant alleged that the records requested by and through Plaintiff's first FOIA request are exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A): "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to interfere with enforcement proceedings...". *See* **Exhibit 8**.

78.     Defendant has improperly applied the exemption established by 5 U.S.C. § 552(b)(7)(A).

79.     Defendant has not alleged that the disclosure of the records requested by and through Plaintiff's first FOIA request is prohibited by law.

80.     The disclosure of the records requested by and through Plaintiff's first FOIA request is not prohibited by law.

81.     In denying Plaintiff's first FOIA request, Defendant was required to make a reasonable effort to estimate the volume of the requested records which it refused to provide to Plaintiff, and to provide any such estimate to Plaintiff, pursuant to 5 U.S.C. § 552(a)(6)(F).

82.     Upon information and belief, Defendant did not make a reasonable effort to estimate the volume of the requested records which it refused to provide to Plaintiff, in violation of 5 U.S.C. § 552(a)(6)(F).

83.     Defendant did not provide any estimate to Plaintiff of the volume of the requested material which it refused to provide to Plaintiff, in violation of 5 U.S.C. § 552(a)(6)(F).

84.     Defendant's provision of an estimate of the volume of the requested records which it refuses to provide to Plaintiff would not harm any interest protected by the 5 U.S.C. § 552(b)(7)(A) exemption asserted by Defendant or by any other exemption identified by 5 U.S.C. § 552(b).

85.     Plaintiff has a legal right to receive an estimate of the volume of the requested material which Defendant refuses to provide in response to Plaintiff's first FOIA request.

86.     Plaintiff has a legal right to the records responsive to Plaintiff's first FOIA request, and no legal basis exists for Defendant's withholding of the records in whole or in part.

87.     Defendant's failure to release to Plaintiff all non-exempt records responsive to Plaintiff's first FOIA request violates provisions of 5 U.S.C. § 552 including, but not limited to, 5 U.S.C. § 552(a)(6)(F), 5 U.S.C. § 552(a)(8)(A)(i), and/or 5 U.S.C. § 552(b).

## <u>COUNT IV</u>

**(Improper Withholding of Records Responsive to Plaintiff's Second FOIA Request)**

88.     Plaintiff restates all paragraphs above as though fully rewritten herein.

89.     Defendant is required to release the records responsive to Plaintiff's second FOIA request, unless Defendant "reasonably foresees that disclosure would harm an interest protected by an exemption described in [5 U.S.C. § 552(b)]", or if the "disclosure is prohibited by law." 5 U.S.C. § 552(a)(8)(A)(i).

90.     Defendant was required to notify Plaintiff of its determination to withhold the records requested by and through Plaintiff's second FOIA request, and to notify Plaintiff of the lawful reason(s) for making that determination. *See*, *e.g.*, 5 U.S.C. § 552(a)(6)(A)(i)(I).

91.     Defendant refused to provide any records in response to Plaintiff's second FOIA request. *See* **Exhibit 14**.

92. Defendant alleged that the records requested by and through Plaintiff's second FOIA request are exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A): "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to interfere with enforcement proceedings...". *See* **Exhibit 14**.

93. Defendant has improperly applied the exemption established by 5 U.S.C. § 552(b)(7)(A).

94. Defendant has not alleged that the disclosure of the records requested by and through Plaintiff's second FOIA request is prohibited by law.

95. The disclosure of the records requested by and through Plaintiff's second FOIA request is not prohibited by law.

96. In denying Plaintiff's second FOIA request, Defendant was required to make a reasonable effort to estimate the volume of the requested records which it refused to provide to Plaintiff, and to provide any such estimate to Plaintiff, pursuant to 5 U.S.C. § 552(a)(6)(F).

97. Upon information and belief, Defendant did not make a reasonable effort to estimate the volume of the requested records which it refused to provide to Plaintiff, in violation of 5 U.S.C. § 552(a)(6)(F).

98. Defendant did not provide any estimate to Plaintiff of the volume of the requested material which it refused to provide to Plaintiff, in violation of 5 U.S.C. § 552(a)(6)(F).

99. Defendant's provision of an estimate of the volume of the requested records which it refuses to provide to Plaintiff would not harm any interest protected by the 5 U.S.C. § 552(b)(7)(A) exemption asserted by Defendant or by any other exemption identified by 5 U.S.C. § 552(b).

100.     Plaintiff has a legal right to receive an estimate of the volume of the requested material which Defendant refuses to provide in response to Plaintiff's second FOIA request.

101.     Plaintiff has a legal right to the records responsive to Plaintiff's second FOIA request, and no legal basis exists for Defendant's withholding of the records in whole or in part.

102.     Defendant's failure to release to Plaintiff all non-exempt records responsive to Plaintiff's second FOIA request violates provisions of 5 U.S.C. § 552 including, but not limited to, 5 U.S.C. § 552(a)(6)(F), 5 U.S.C. § 552(a)(8)(A)(i), and/or 5 U.S.C. § 552(b).

## COUNT V

**(Failure to Produce Segregable Information in Response to Plaintiff's First FOIA Request in Violation of 5 U.S.C. § 552 (a)(8)(A)(ii) and 5 U.S.C. § 552(b))**

103.     Plaintiff restates all paragraphs above as though fully rewritten herein.

104.     Pursuant to 5 U.S.C. § 552(b), "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection."

105.     Pursuant to 5 U.S.C. § 552(a)(8)(A)(ii), in response to Plaintiff's first FOIA request, Defendant is required to "(I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and (II) take reasonable steps necessary to segregate and release nonexempt information; …"

106.     Upon information and belief, Defendant has failed to segregate and release nonexempt records and/or nonexempt portions of records responsive to Plaintiff's first FOIA request.

107.     Plaintiff has a legal right to obtain any such segregable and nonexempt portion(s) of record(s) responsive to Plaintiff's first FOIA request, and no legal basis exists for Defendant to withhold said record(s) and/or segregable portions thereof.

108.    Defendant's failure to release all segregable and nonexempt portion(s) of record(s) responsive to Plaintiff's first FOIA request violates provisions of 5 U.S.C. § 552 including, but not limited to, 5 U.S.C. § 552(a)(8)(A)(ii) and/or 5 U.S.C. § 552(b).

## COUNT VI

**(Failure to Produce Segregable Information in Response to Plaintiff's Second FOIA Request in Violation of 5 U.S.C. § 552 (a)(8)(A)(ii) and 5 U.S.C. § 552(b))**

109.    Plaintiff restates all paragraphs above as though fully rewritten herein.

110.    Pursuant to 5 U.S.C. § 552(b), "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection."

111.    Pursuant to 5 U.S.C. § 552(a)(8)(A)(ii), in response to Plaintiff's second FOIA request, Defendant is required to "(I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and (II) take reasonable steps necessary to segregate and release nonexempt information; …"

112.    Upon information and belief, Defendant has failed to segregate and release nonexempt records and/or nonexempt portions of records responsive to Plaintiff's second FOIA request.

113.    Plaintiff has a legal right to obtain any such segregable and nonexempt portion(s) of record(s) responsive to Plaintiff's second FOIA request, and no legal basis exists for Defendant to withhold said record(s) and/or segregable portions thereof.

114.    Defendant's failure to release all segregable and nonexempt portion(s) of record(s) responsive to Plaintiff's second FOIA request violates provisions of 5 U.S.C. § 552 including, but not limited to, 5 U.S.C. § 552(a)(8)(A)(ii) and/or 5 U.S.C. § 552(b).

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff, Amy Blake, respectfully requests that this Honorable Court:

A. Accept jurisdiction over this Action pursuant to 5 U.S.C. § 552(a)(4)(B) and/or other applicable law;

B. Conduct an *in camera* review, pursuant to 5 U.S.C. § 552(a)(4)(B), of the contents of the records responsive to Plaintiff's first and/or second FOIA request(s), which have been withheld by Defendant, to determine whether such records or any part thereof fall under an exemption set forth in 5 U.S.C. § 552(b) and to determine if any exempt records contain segregable nonexempt portions;

C. Declare that Defendant unlawfully failed to conduct an adequate search for all records responsive to Plaintiff's first and/or second FOIA request(s);

D. Declare that Defendant unlawfully refused to disclose to Plaintiff any and all nonexempt records and/or segregable nonexempt portions of records responsive to Plaintiff's first and/or second FOIA request(s);

E. Order that Defendant conduct a complete and prompt search, by a date certain, for the records requested by and through Plaintiff's first and/or second FOIA request(s);

F. Order that Defendant promptly process and disclose, by a date certain, all responsive, nonexempt records and/or segregable nonexempt portions of records pursuant to Plaintiff's first and/or second FOIA request(s);

G. Order that, for any records responsive to Plaintiff's first and/or second FOIA request(s) which are withheld by Defendant under a claim of exemption, Defendant produce an estimate of the volume of the responsive records withheld, produce a *Vaughn* index for

all responsive records withheld, and itemize the justification(s) for withholding of any such responsive records;

H.   Enjoin Defendant from improperly withholding any and all nonexempt records and/or segregable nonexempt portions of records which are responsive to Plaintiff's first and/or second FOIA request(s);

I.   Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and/or other applicable law; and

J.   Grant Plaintiff such other and further relief as this Court may deem just and proper.


Respectfully submitted,

**KISLING, NESTICO & REDICK, LLC**


*/s/ Thomas J. Walsh II*
_____
Thomas J. Walsh II (0095872)
*Attorney for Plaintiff*
4853 Monroe St., Bldg B., Ste. 3
Toledo, OH 43623
Phone: (330) 869-9007 / Fax: (330) 869-9008
Email: twalsh@knrlegal.com



**Kisling, Nestico & Redick**

O H I O   I N J U R Y   A T T O R N E Y S

**1-800-HURT-NOW**
1-800-978-9007 Outside Ohio
www.knrlegal.com

4853 Monroe Street, Bldg. B, Ste. 3
Toledo, OH 43623

August 16, 2024

**<u>SENT VIA CERTIFIED MAIL & SUBMITTED VIA THE eFOIPA PORTAL</u>**

Federal Bureau of Investigation                                                     Page **1** of **2**
**Attn: Initial Processing Operations Unit**
Record/Information Dissemination Section
200 Constitution Drive
Winchester, VA 22602

      **RE:**    **FOIA Request**

To Whom It May Concern:

This public records request is submitted on behalf of our client, Amy Blake, mother of Jacob Bible. Pursuant to the Freedom of Information Act (5 U.S.C. § 552), as well as Ohio Law, including the Ohio Open Records Law (O.R.C. § 149.43), please accept this letter as a formal FOIA request seeking the opportunity to inspect and/or obtain copies of the following public records from the Federal Bureau of Investigation (*hereinafter* "FBI") regarding the shooting of Jacob Bible and the execution of search warrants for 1072 Perron Road SE, Carrollton, Ohio 44615, on or about July 15, 2024 (*hereinafter* "subject incident"):

1. All video from July 15, 2024, of the subject incident, events leading up to the subject incident, and events following the subject incident, including, *but not limited to*, body camera video, dash camera video, and surveillance video.

2. All video of Jacob Bible on July 15, 2024, and at any time prior to July 15, 2024.

3. All video of 1072 Perron Road SE, Carrollton, Ohio 44615, and curtilage thereto on July 15, 2024, and at any time prior to July 15, 2024.

4. All investigative reports regarding the subject incident including, *but not limited to*, report(s) of the shooting and investigation of the use of deadly force, along with investigatory findings and remedial measures and/or disciplinary actions taken.

5. All witness statements regarding the subject incident.

6. All warrants, including all attachments and addendums thereto, which were executed on July 15, 2024, at or near 1072 Perron Road SE, Carrollton, Ohio 44615.

7. All correspondence regarding the execution of any warrant(s) upon 1072 Perron Road SE, Carrollton, Ohio 44615, and/or for Jacob Bible.

8. Identification of all persons, entities, and/or agencies present at or near 1072 Perron Road SE, Carrollton, Ohio 44615, on July 15, 2024.

AKRON · CANTON · CINCINNATI · CLEVELAND · COLUMBUS · DAYTON · TOLEDO



PLAINTIFF'S EXHIBIT
1

9.  Identification of all persons, entities, and/or agencies involved in the execution of any warrant(s) at or near 1072 Perron Road SE, Carrollton, Ohio 44615, on July 15, 2024.

10. The complete personnel file for any individual who discharged a firearm, taser, and/or mace during the subject incident.

11. The complete personal file for any individual whose actions resulted in the death of Jacob Bible.

12. The FBI's use-of-force training manual, materials, syllabus, and requirements.

13. All correspondence between the FBI and the Carroll County Sheriff's Office regarding the subject incident, the investigation of the subject incident, and/or the execution of any warrant(s) at or near 1072 Perron Road SE, Carrollton, Ohio 44615.

14. A complete log of any items seized from 1072 Perron Road SE, Carrollton, Ohio 44615, and/or Jacob Bible.

If you and/or your office are not in possession of any of the above materials, we further request that you identify the agency, department, and/or individual that is in possession of such materials.

If there are any fees for searching and/or copying these records, please notify us of any such fees prior to processing our request. However, we request a waiver of all fees since the disclosure of the requested information is in the public interest and is not being sought for commercial purposes.

We request a prompt response to this request. If you anticipate that you will be unable to provide the requested materials within thirty (30) days of this letter, please notify our office. We further request that you provide materials on a rolling basis as they become available.

If this request is denied totally or in part, please cite each specific exemption that justifies the refusal to release such information. Despite any denial of our above requests, please preserve in original form all of the above requested materials in addition to any other materials which may be relevant to the subject incident.

All responsive materials should be sent via fax to (330) 869-9008 or emailed directly to twalsh@knrlegal.com. If materials must be mailed, please send them to 4853 Monroe Street, Bldg. B, Ste. 3, Toledo, OH 43623. If you require said materials be retrieved in-person, promptly email or call our office when said materials are available.

Sincerely,

*Thomas J. Walsh II*

Thomas J. Walsh II, Esq.
Kisling, Nestico & Redick, LLC
Phone: (330) 869-9007, ext. 413
Email: twalsh@knrlegal.com



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

August 28, 2024

MR. THOMAS J. WALSH III
KISLING, NESTICO & REDICK, LLC
SUITE 3
4853 MONROE STREET
BUILDING B
TOLEDO, OH 43623

FOIPA Request No.: 1644612-000
Subject: BIBLE, JACOB
(Incident on or about July 15, 2024)

Dear Mr. Walsh:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI.  Below you will find check boxes and relevant paragraphs about your request, as well as specific determinations required by these statutes.  Please read each one carefully.

- ☑ Your request has been received at FBI Headquarters for processing.

- ☑ You submitted your request via the FBI's eFOIPA system.

  - ☐ Future correspondence about your FOIPA request will be provided in an email link unless the record file type is not supported by the eFOIPA system.

  - ☑ Correspondence for requests regarding living individuals, or containing audio, video, and high resolution photographs cannot be sent through the eFOIPA system.  Future correspondence about your FOIPA request will be delivered through standard mail.

- ☐ The subject of your request is currently being processed and documents subject to the FOIPA will be released to you upon completion.

- ☐ Release of responsive records subject to the FOIPA will be posted to the FBI's electronic FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

- ☑ Your request for a public interest fee waiver is being considered and you will be advised of the decision if fees are applicable.  If your fee waiver is not granted, you will be responsible for applicable fees per your designated fee category below.

- ☑ For the purpose of assessing fees, we have determined:

  - ☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

  - ☐ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

  - ☑ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).



**PLAINTIFF'S EXHIBIT**

**2**

You also requested information regarding one or more third parties.   Please be advised the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).  The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This is our standard response to such requests and should not be taken to mean that records do, or do not, exist.  Please visit www.fbi.gov/foia for more information about making requests for records on third party individuals (living or deceased).

Please check the status of your FOIPA request at www.vault.fbi.gov by clicking on "Check Status of your FOI/PA Request."   Status updates are adjusted weekly.  The status of newly assigned requests may not be available until the next weekly update.  If the FOIPA has been closed, the notice will indicate that appropriate correspondence has been mailed to the address on file.

Additional information about the FOIPA can be found at www.fbi.gov/foia.  Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov.  Please reference the FOIPA Request number listed above in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.  The subject heading should clearly state "Dispute Resolution Services."  Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.  You may also contact the Office of Government Information Services (OGIS).  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

**U.S Department of Justice**

## Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____ Social Security Number [3] _____

Current Address _____

Date of Birth_____ Place of Birth _____

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

### Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

**Signature [4]** _____ **Date** _____

---

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

August 28, 2024

MR. THOMAS J. WALSH III
KISLING, NESTICO & REDICK, LLC
SUITE 3
4853 MONROE STREET
BUILDING B
TOLEDO, OH 43623

FOIPA Request No.: 1644612-000
Subject: BIBLE, JACOB
(Incident on or about July 15, 2024)

Dear Mr. Walsh:

This is in reference to your letter to the FBI, in which you requested expedited processing for the above-referenced Freedom of Information/Privacy Acts (FOIPA) request. Under Department of Justice (DOJ) standards for expedited processing, it can only be granted in the following situations:

**28 C.F.R. §16.5 (e)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

**28 C.F.R. §16.5 (e)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

**28 C.F.R. §16.5 (e)(1)(iii):** "The loss of substantial due process of rights."

**28 C.F.R. §16.5 (e)(1)(iv):** "A matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affects public confidence."

You have not provided enough information concerning the statutory requirements permitting expedition; therefore, your request is denied.

Additional information about the FOIPA can be found at www.fbi.gov/foia. Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov. Please reference the FOIPA Request number listed above in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.



PLAINTIFF'S EXHIBIT

3

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information Dissemination Section
Information Management Division

## Thomas J. Walsh

| | |
|---|---|
| **From:** | Thomas J. Walsh |
| **Sent:** | Wednesday, August 28, 2024 2:22 PM |
| **To:** | jshank@fbi.gov |
| **Cc:** | Tammy R. Kellar |
| **Subject:** | FOIA Request - Re Jacob Bible |
| **Attachments:** | FOIA Request - Jacob Bible - FBI - Jordan Shank.pdf; FOIA Request - Jacob Bible - FBI.pdf |
| **Categories:** | Litify, Status: Tracked successfully. |

Agent Shank,

Please find the attached FOIA Request which we are hereby submitting on behalf of our client, Amy Blake, mother of Jacob Bible, deceased. A similar request was previously submitted to the FBI on August 16, 2024. A copy of that correspondence is attached as well.

If this request should be directed to the attention of someone else within the FBI, please respond to this email with the current contact information for that person and/or department.

All materials should be emailed directly to me. Alternatively, they may be faxed to us at (330) 869-9008 or mailed to 4853 Monroe Street, Building B, Suite 3, Toledo, OH 43623. I can be reached directly at (330) 869-9007, ext. 413.

Thank you,
Tom



**Thomas Walsh | Attorney**
**Kisling, Nestico & Redick, LLC**
4853 Monroe St., Bldg B. Ste 3, Toledo, OH 43623
Main: 330-869-9007 x413 | Fax: 330-869-9008
www.knrlegal.com | Outside Ohio: 800-978-9007
Facebook  |  Twitter  |  Instagram  |  LinkedIn  |  YouTube





**Kisling, Nestico & Redick**
OHIO INJURY ATTORNEYS

**1-800-HURT-NOW**
1-800-978-9007 Outside Ohio
www.knrlegal.com

4853 Monroe Street, Bldg. B, Ste. 3
Toledo, OH 43623

August 28, 2024

**SENT VIA CERTIFIED MAIL, FACSIMILE, AND EMAIL**

Federal Bureau of Investigation                                    Page **1** of **2**
**Attn: Jordan Shank – Task Force Agent**
4518 Fulton Drive, NW
Suite 201
Canton, OH 44718
Fax: (330) 491-5137
Email: jshank@fbi.gov

      **RE:   FOIA Request**

Agent Shank:

This public records request is submitted on behalf of our client, Amy Blake, mother of Jacob Bible. Pursuant to the Freedom of Information Act (5 U.S.C. § 552), as well as Ohio Law, including the Ohio Open Records Law (O.R.C. § 149.43), please accept this letter as a formal FOIA request seeking the opportunity to inspect and/or obtain copies of the following public records from the Federal Bureau of Investigation (*hereinafter* "FBI") regarding the shooting of Jacob Bible and the execution of search warrants for 1072 Perron Road SE, Carrollton, Ohio 44615, on or about July 15, 2024 (*hereinafter* "subject incident"):

1. All video from July 15, 2024, of the subject incident, events leading up to the subject incident, and events following the subject incident, including, *but not limited to*, body camera video, dash camera video, and surveillance video.

2. All video of Jacob Bible on July 15, 2024, and at any time prior to July 15, 2024.

3. All video of 1072 Perron Road SE, Carrollton, Ohio 44615, and curtilage thereto on July 15, 2024, and at any time prior to July 15, 2024.

4. All investigative reports regarding the subject incident including, *but not limited to*, report(s) of the shooting and investigation of the use of deadly force, along with investigatory findings and remedial measures and/or disciplinary actions taken.

5. All witness statements regarding the subject incident.

6. All warrants, including all attachments and addendums thereto, which were executed on July 15, 2024, at or near 1072 Perron Road SE, Carrollton, Ohio 44615.

7. All correspondence regarding the execution of any warrant(s) upon 1072 Perron Road SE, Carrollton, Ohio 44615, and/or for Jacob Bible.

AKRON · CANTON · CINCINNATI · CLEVELAND · COLUMBUS · DAYTON · TOLED



PLAINTIFF'S EXHIBIT

4B

8. Identification of all persons, entities, and/or agencies present at or near 1072 Perron Road SE, Carrollton, Ohio 44615, on July 15, 2024.

9. Identification of all persons, entities, and/or agencies involved in the execution of any warrant(s) at or near 1072 Perron Road SE, Carrollton, Ohio 44615, on July 15, 2024.

10. The complete personnel file for any individual who discharged a firearm, taser, and/or mace during the subject incident.

11. The complete personal file for any individual whose actions resulted in the death of Jacob Bible.

12. The FBI's use-of-force training manual, materials, syllabus, and requirements.

13. All correspondence between the FBI and the Carroll County Sheriff's Office regarding the subject incident, the investigation of the subject incident, and/or the execution of any warrant(s) at or near 1072 Perron Road SE, Carrollton, Ohio 44615.

14. A complete log of any items seized from 1072 Perron Road SE, Carrollton, Ohio 44615, and/or Jacob Bible.

If you and/or your office are not in possession of any of the above materials, we further request that you identify the agency, department, and/or individual that is in possession of such materials.

If there are any fees for searching and/or copying these records, please notify us of any such fees prior to processing our request. However, we request a waiver of all fees since the disclosure of the requested information is in the public interest and is not being sought for commercial purposes.

We request a prompt response to this request. If you anticipate that you will be unable to provide the requested materials within thirty (30) days of this letter, please notify our office. We further request that you provide materials on a rolling basis as they become available.

If this request is denied totally or in part, please cite each specific exemption that justifies the refusal to release such information. Despite any denial of our above requests, please preserve in original form all of the above requested materials in addition to any other materials which may be relevant to the subject incident.

All responsive materials should be sent via fax to (330) 869-9008 or emailed directly to twalsh@knrlegal.com. If materials must be mailed, please send them to 4853 Monroe Street, Bldg. B, Ste. 3, Toledo, OH 43623. If you require said materials be retrieved in-person, promptly email or call our office when said materials are available.

Sincerely,

*Thomas J. Walsh II*

Thomas J. Walsh II, Esq.
Kisling, Nestico & Redick, LLC
Phone: (330) 869-9007, ext. 413
Email: twalsh@knrlegal.com

## Thomas J. Walsh

| | |
|---|---|
| **From:** | Thomas J. Walsh |
| **Sent:** | Wednesday, August 28, 2024 2:25 PM |
| **To:** | gdnelsen@fbi.gov |
| **Cc:** | Tammy R. Kellar |
| **Subject:** | FOIA Request - Re Jacob Bible |
| **Attachments:** | FOIA Request - Jacob Bible - FBI - Greg Nelsen.pdf; FOIA Request - Jacob Bible - FBI.pdf |
| | |
| **Categories:** | Litify, Status: Tracked successfully. |

Agent Nelsen,

Please find the attached FOIA Request which we are hereby submitting on behalf of our client, Amy Blake, mother of Jacob Bible, deceased. A similar request was previously submitted to the FBI on August 16, 2024. A copy of that correspondence is attached as well.

If this request should be directed to the attention of someone else within the FBI, please respond to this email with the current contact information for that person and/or department.

All materials should be emailed directly to me. Alternatively, they may be faxed to us at (330) 869-9008 or mailed to 4853 Monroe Street, Building B, Suite 3, Toledo, OH 43623. I can be reached directly at (330) 869-9007, ext. 413.

Thank you,
Tom



**Thomas Walsh | Attorney**
**Kisling, Nestico & Redick, LLC**
4853 Monroe St., Bldg B. Ste 3, Toledo, OH 43623
Main: 330-869-9007 x413 | Fax: 330-869-9008
www.knrlegal.com | Outside Ohio: 800-978-9007
Facebook | Twitter | Instagram | LinkedIn | YouTube



PLAINTIFF'S
EXHIBIT

5A



**1-800-HURT-NOW**
1-800-978-9007 Outside Ohio
www.knrlegal.com

4853 Monroe Street, Bldg. B, Ste. 3
Toledo, OH 43623

August 28, 2024

**SENT VIA CERTIFIED MAIL AND EMAIL**

Federal Bureau of Investigation                                   Page **1** of **2**
**Attn: Greg Nelsen – Special Agent in Charge**
1501 Lakeside Avenue
Cleveland, OH 44114
Email: gdnelsen@fbi.gov

        RE:     FOIA Request

Agent Nelsen:

This public records request is submitted on behalf of our client, Amy Blake, mother of Jacob Bible. Pursuant to the Freedom of Information Act (5 U.S.C. § 552), as well as Ohio Law, including the Ohio Open Records Law (O.R.C. § 149.43), please accept this letter as a formal FOIA request seeking the opportunity to inspect and/or obtain copies of the following public records from the Federal Bureau of Investigation (*hereinafter* "FBI") regarding the shooting of Jacob Bible and the execution of search warrants for 1072 Perron Road SE, Carrollton, Ohio 44615, on or about July 15, 2024 (*hereinafter* "subject incident"):

1. All video from July 15, 2024, of the subject incident, events leading up to the subject incident, and events following the subject incident, including, *but not limited to*, body camera video, dash camera video, and surveillance video.

2. All video of Jacob Bible on July 15, 2024, and at any time prior to July 15, 2024.

3. All video of 1072 Perron Road SE, Carrollton, Ohio 44615, and curtilage thereto on July 15, 2024, and at any time prior to July 15, 2024.

4. All investigative reports regarding the subject incident including, *but not limited to*, report(s) of the shooting and investigation of the use of deadly force, along with investigatory findings and remedial measures and/or disciplinary actions taken.

5. All witness statements regarding the subject incident.

6. All warrants, including all attachments and addendums thereto, which were executed on July 15, 2024, at or near 1072 Perron Road SE, Carrollton, Ohio 44615.

7. All correspondence regarding the execution of any warrant(s) upon 1072 Perron Road SE, Carrollton, Ohio 44615, and/or for Jacob Bible.

8. Identification of all persons, entities, and/or agencies present at or near 1072 Perron Road SE, Carrollton, Ohio 44615, on July 15, 2024.

AKRON · CANTON · CINCINNATI · CLEVELAND · COLUMBUS · DAYTON · TOLEDO ·



9. Identification of all persons, entities, and/or agencies involved in the execution of any warrant(s) at or near 1072 Perron Road SE, Carrollton, Ohio 44615, on July 15, 2024.

10. The complete personnel file for any individual who discharged a firearm, taser, and/or mace during the subject incident.

11. The complete personal file for any individual whose actions resulted in the death of Jacob Bible.

12. The FBI's use-of-force training manual, materials, syllabus, and requirements.

13. All correspondence between the FBI and the Carroll County Sheriff's Office regarding the subject incident, the investigation of the subject incident, and/or the execution of any warrant(s) at or near 1072 Perron Road SE, Carrollton, Ohio 44615.

14. A complete log of any items seized from 1072 Perron Road SE, Carrollton, Ohio 44615, and/or Jacob Bible.

If you and/or your office are not in possession of any of the above materials, we further request that you identify the agency, department, and/or individual that is in possession of such materials.

If there are any fees for searching and/or copying these records, please notify us of any such fees prior to processing our request. However, we request a waiver of all fees since the disclosure of the requested information is in the public interest and is not being sought for commercial purposes.

We request a prompt response to this request. If you anticipate that you will be unable to provide the requested materials within thirty (30) days of this letter, please notify our office. We further request that you provide materials on a rolling basis as they become available.

If this request is denied totally or in part, please cite each specific exemption that justifies the refusal to release such information. Despite any denial of our above requests, please preserve in original form all of the above requested materials in addition to any other materials which may be relevant to the subject incident.

All responsive materials should be sent via fax to (330) 869-9008 or emailed directly to twalsh@knrlegal.com. If materials must be mailed, please send them to 4853 Monroe Street, Bldg. B, Ste. 3, Toledo, OH 43623. If you require said materials be retrieved in-person, promptly email or call our office when said materials are available.

Sincerely,

*Thomas J. Walsh II*

Thomas J. Walsh II, Esq.
Kisling, Nestico & Redick, LLC
Phone: (330) 869-9007, ext. 413
Email: twalsh@knrlegal.com

## Thomas J. Walsh

| | |
|---|---|
| **From:** | Kimberly Schwarting <kjschwarting@fbi.gov> |
| **Sent:** | Wednesday, August 28, 2024 3:03 PM |
| **To:** | Thomas J. Walsh |
| **Cc:** | Tammy R. Kellar; Kyle Scheatzle |
| **Subject:** | RE: FOIA Request - Re Jacob Bible |
| | |
| **Categories:** | Litify, Status: Tracked successfully. |

You don't often get email from kjschwarting@fbi.gov. Learn why this is important

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good afternoon Mr. Walsh,

My name is Kim Schwarting and I'm one of the attorneys for the Cleveland FBI.  TFO Shank and SAC Nelsen provided your email to me concerning a FOI request.

All FOIA requests for the FBI should be made on the following site:

https://www.foia.gov/agency-search.html?id=e366935f-20e1-4404-ac40-ed5518a5ce5a&type=component

Thank you,
Kim

SSA Kimberly J. Schwarting
Chief Division Counsel
FBI Cleveland Division
D: 216.622.6611
M: 216.630.7862

---

**From:** Thomas J. Walsh <twalsh@knrlegal.com>
**Sent:** Wednesday, August 28, 2024 2:22:09 PM
**To:** Shank, Jordan (CV) (TFO) <JSHANK@FBI.GOV>
**Cc:** Tammy R. Kellar <tkellar@knrlegal.com>
**Subject:** [EXTERNAL EMAIL] - FOIA Request - Re Jacob Bible

Agent Shank,

Please find the attached FOIA Request which we are hereby submitting on behalf of our client, Amy Blake, mother of Jacob Bible, deceased. A similar request was previously submitted to the FBI on August 16, 2024. A copy of that correspondence is attached as well.

If this request should be directed to the attention of someone else within the FBI, please respond to this email with the current contact information for that person and/or department.

1



PLAINTIFF'S EXHIBIT
6

All materials should be emailed directly to me. Alternatively, they may be faxed to us at (330) 869-9008 or mailed to 4853 Monroe Street, Building B, Suite 3, Toledo, OH 43623. I can be reached directly at (330) 869-9007, ext. 413.

Thank you,
Tom



**Thomas Walsh | Attorney**
**Kisling, Nestico & Redick, LLC**
4853 Monroe St., Bldg B. Ste 3, Toledo, OH 43623
Main: 330-869-9007 x413 | Fax: 330-869-9008
www.knrlegal.com | Outside Ohio: 800-978-9007
Facebook  |  Twitter  |  Instagram  |  LinkedIn  |  YouTube

 An official website of the United States government
Here's how you know



 **FOIA.gov**

MENU

**Thank you for visiting FOIA.gov, the government's central website for FOIA.** We'll continue to make improvements to the site and look forward to your input. Please submit feedback to National.FOIAPortal@usdoj.gov.

**Submission ID:** 1433936

# Success!

## Your FOIA request has been created and is being sent to the Federal Bureau of Investigation.

You'll hear back from the agency confirming receipt in the coming weeks using the contact information you provided. If you have questions about your request, feel free to reach out to the agency FOIA personnel using the information provided below.

**Contact the agency**

FOIA Requester Service Center

540-868-4593

Shannon Hammer, FOIA Public Liaison

540-868-2101

Michael G. Seidel, Section Chief, Record/Information Dissemination Section
200 Constitution Drive
Winchester, VA 22602


PLAINTIFF'S EXHIBIT

7

# Request summary

Request submitted on **August 28, 2024**.

The confirmation ID for your request is **1433936**.



> The confirmation ID is only for identifying your request on FOIA.gov and acts as a receipt to show that you submitted a request using FOIA.gov. This number does not replace the information you'll receive from the agency to track your request. In case there is an issue submitting your request to the agency you selected, you can use this number to help.

## Contact information

**Name**

Thomas Walsh

**Mailing address**

4853 Monroe Street

Building B, Suite 3

Toledo, OH 43623

US

**Phone number**

3308699007

**Company/organization**

Kisling, Nestico & Redick, LLC

---

## Your request

This public records request is submitted on behalf of our client, Amy Blake, mother of Jacob Bible. Pursuant to the Freedom of Information Act (5 U.S.C. § 552), as well as Ohio Law, including the Ohio Open Records Law (O.R.C. § 149.43), please accept this letter as a formal FOIA request seeking the opportunity to inspect and/or obtain copies of the following public records from the Federal Bureau of Investigation (hereinafter "FBI") regarding the shooting of Jacob Bible and the execution of search warrants for 1072

Perron Road SE, Carrollton, Ohio 44615, on or about July 15, 2024 (hereinafter "subject incident"): 1. All video from July 15, 2024, of the subject incident, events leading up to the subject incident, and events following the subject incident, including, but not limited to, body camera video, dash camera video, and surveillance video. 2. All video of Jacob Bible on July 15, 2024, and at any time prior to July 15, 2024. 3. All video of 1072 Perron Road SE, Carrollton, Ohio 44615, and curtilage thereto on July 15, 2024, and at any time prior to July 15, 2024. 4. All investigative reports regarding the subject incident including, but not limited to, report(s) of the shooting and investigation of the use of deadly force, along with investigatory findings and remedial measures and/or disciplinary actions taken. 5. All witness statements regarding the subject incident. 6. All warrants, including all attachments and addendums thereto, which were executed on July 15, 2024, at or near 1072 Perron Road SE, Carrollton, Ohio 44615. 7. All correspondence regarding the execution of any warrant(s) upon 1072 Perron Road SE, Carrollton, Ohio 44615, and/or for Jacob Bible. 8. Identification of all persons, entities, and/or agencies present at or near 1072 Perron Road SE, Carrollton, Ohio 44615, on July 15, 2024. 9. Identification of all persons, entities, and/or agencies involved in the execution of any warrant(s) at or near 1072 Perron Road SE, Carrollton, Ohio 44615, on July 15, 2024. 10. The complete personnel file for any individual who discharged a firearm, taser, and/or mace during the subject incident. 11. The complete personal file for any individual whose actions resulted in the death of Jacob Bible. 12. The FBI's use-of-force training manual, materials, syllabus, and requirements. 13. All correspondence between the FBI and the Carroll County Sheriff's Office regarding the subject incident, the investigation of the subject incident, and/or the execution of any warrant(s) at or near 1072 Perron Road SE, Carrollton, Ohio 44615. 14. A complete log of any items seized from 1072 Perron Road SE, Carrollton, Ohio 44615, and/or Jacob Bible. All responsive materials should be sent via fax to (330) 869-9008 or emailed directly to twalsh@knrlegal.com. If materials must be mailed, please send them to 4853 Monroe Street, Bldg. B, Ste. 3, Toledo, OH 43623. If you require said materials be retrieved in-person, promptly email or call our office when said materials are available.

---

# Additional information

FOIA Request - Jacob Bible - FBI - Greg Nelsen.pdf

**What is the subject of your request?**
other

**I am making this request on behalf of**
organization

---

## Fees

**What type of requester are you?**
other

**Fee waiver**
option2

**Fee waiver justification**
This request is being submitted on behalf of our client, Amy Blake, who is a member of the public. Her request is being submitted to investigate the shooting and death of her son, Jacob Bible.

**The amount of money you're willing to pay in fees, if any**
100

---

## Request expedited processing

**Expedited processing**
no



**CONTACT**

Office of Information Policy (OIP)
U.S. Department of Justice
441 G St, NW, 6th Floor
Washington, DC 20530
E-mail: National.FOIAPortal@usdoj.gov

Hero image credit 🔗 CC3.0

| FREQUENTLY ASKED QUESTIONS

| DEVELOPER RESOURCES

| AGENCY API SPEC

| FOIA CONTACT DOWNLOAD

| FOIA DATASET DOWNLOAD

| ACCESSIBILITY

| PRIVACY POLICY

| POLICIES & DISCLAIMERS

| JUSTICE.GOV

| USA.GOV 🔗



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

October 22, 2024

MR. THOMAS J. WALSH III
KISLING, NESTICO & REDICK, LLC
SUITE 3
4853 MONROE STREET
BUILDING B
TOLEDO, OH 43623

FOIPA Request No.: 1644612-000
Subject: BIBLE, JACOB
(Incident on or about July 15, 2024)

Dear Mr. Walsh:

This responds to your Freedom of Information/Privacy Acts (FOIPA) request. Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

The FBI has completed its search for records subject to the FOIPA that are responsive to your request. The material you requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A). 5 U.S.C. § 552(b)(7)(A) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to interfere with enforcement proceedings...

The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information could reasonably be expected to interfere with enforcement proceedings. Therefore, your request is being administratively closed. For a further explanation of this exemption, see the enclosed Explanation of Exemptions.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Additional information about the FOIPA can be found at www.fbi.gov/foia. Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov. Please reference the FOIPA Request number listed above in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." If possible, please provide a copy of your original request and this response letter with your appeal.



**PLAINTIFF'S EXHIBIT**

8

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

### FBI FOIPA Addendum

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgement of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgement of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found.   The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does <u>not</u> include a search for reference entity records or administrative records of previous FOIPA requests.

        a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation

        b.   *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)   **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

## Thomas J. Walsh

| | |
|---|---|
| **From:** | FOIPAQUESTIONS@FBI.GOV |
| **Sent:** | Monday, December 2, 2024 3:37 PM |
| **To:** | Thomas J. Walsh |
| **Subject:** | Dispute Resolution Services |

You don't often get email from foipaquestions@fbi.gov. Learn why this is important

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thank you for contacting the FBI's Public Liaison to utilize Freedom of Information / Privacy Acts (FOIPA) dispute resolution services.  We appreciate your patience regarding this matter.

Regarding your below inquiry, we conducted an additional review of your request.  We determined that the processing of your request complied with our standard procedures, and further action is not required.  As a result, we are unable to resolve your dispute.

Even though we were unable to resolve your dispute, you may still seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.  If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services," and you should also cite the FOIPA Request Number assigned to your request.

Finally, your use of FBI dispute resolution services does not toll or suspend the ninety (90) days for filing a timely appeal with the Director, OIP, U.S. Department of Justice as we advised in our response letter.


Sincerely,

Public Information Officer
FBI - Information Management Division
200 Constitution Drive
Winchester, VA  22602
O: (540) 868-4593
E: foipaquestions@fbi.gov

Do you have further questions about the FOI/PA process? Visit us at http://www.fbi.gov/foia

Please check the status of your request online at https://vault.fbi.gov/fdps-1/@@search-fdps    Status updates are performed on a weekly basis.

Note:  This is a non-emergency email address.  If this is an emergency, please call 911 directly.  If you need to report a tip for immediate action, please contact FBI Tips at http://tips.fbi.gov/ or reach out to your local field office.


PLAINTIFF'S EXHIBIT 9

**From:** Thomas J. Walsh <twalsh@knrlegal.com>
**Sent:** Wednesday, November 20, 2024 2:15 PM
**To:** FOIPAQUESTIONS <FOIPAQUESTIONS@FBI.GOV>
**Cc:** Tammy R. Kellar <tkellar@knrlegal.com>; Anthony D. Hall <AHall@knrlegal.com>
**Subject:** [EXTERNAL EMAIL] - Dispute Resolution Services

Good Afternoon,

On behalf of our client, Amy Blake, and her deceased son, Jacob Bible, I am requesting the FOIA Public Liaison's assistance in Dispute Resolution prior to filing an appeal with the OIP Director. If I need to file an appeal prior to seeing the assistance of the FOIA Public Liaison, please let me know and I will do so.

This correspondence is regarding FOIPA Request Number 1644612-000. We requested various records regarding the incident of July 15, 2024, which lead to the shooting and death of Jacob Bible. A copy of our FOIA request is attached. I have also attached copied of correspondence received from the Section Chief, Michael G. Seidel.

In response to our request, we received a blanket denial of all items requested. In order to investigate this incident and adequately protect the rights of our client, we need to obtain copies of the materials requested or, at least, have the opportunity to inspect said materials. It is also important to note that we have statutes of limitations to comply with in an civil action that is brought. So, we do not have the ability to wait indefinitely for the release of this material after any and all investigations have concluded.

Please confirm that your office will be able engage in dispute resolution for this matter and let me know the next steps that need to be taken on our end. You can reach me via email or directly at (330) 869-9007, ext. 413.

Thank you,
Tom



**Thomas Walsh | Attorney**
**Kisling, Nestico & Redick, LLC**
4853 Monroe St., Bldg B. Ste 3, Toledo, OH 43623
Main: 330-869-9007 x413 | Fax: 330-869-9008
www.knrlegal.com | Outside Ohio: 800-978-9007
Facebook | Twitter | Instagram | LinkedIn | YouTube

## Thomas J. Walsh

| | |
|---|---|
| **From:** | OGIS <ogis@nara.gov> |
| **Sent:** | Thursday, April 10, 2025 7:40 AM |
| **To:** | OGIS |
| **Cc:** | Thomas J. Walsh; Tammy R. Kellar |
| **Subject:** | Re: Dispute of Denial of FOIPA Request; FOIPA Req. No. 1644612-000 |
| **Attachments:** | C-0000103063 Walsh Response.pdf |
| | |
| **Categories:** | Litify |

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Thomas Walsh,

Please see OGIS's response to this submission (C-0000103063), attached to this email.

Sincerely,
The OGIS Staff

On Tuesday, March 25, 2025 at 2:40:12 PM UTC-4 Thomas J. Walsh wrote:

> Good Afternoon,
>
> I called the OGIS today and left a voice message to follow up on my prior requests for assistance in resolving the previously referenced FOIA disputes. To date, I have not received a response to my email of March 6, 2024.
>
> At this time, we are preparing to file a Complaint with the U.S. District Court for the Northern District of Ohio, Eastern Division, pursuant to 5 U.S.C. § 552(a)(4)(B). However, before filing that complaint, I am reaching out again to request that the OGIS help to mediate and resolve this matter without the need for litigation.
>
> This inquiry is in regards to *both* request numbers 1644612-000 *and* 1644612-001, and corresponding appeal numbers A-2025-00705 *and* A-2025-00952. For your convenience, I am re-attaching all relevant documentation. The appeals along with an explanation of the grounds therefor were submitted through the FOIA portal, with attachments. Documentation of the appeals as well as the materials submitted are attached here.
>
> Please respond to this email by or before April 3, 2025, to confirm whether or not the OGIS will be able to assist with the resolution of this matter.

PLAINTIFF'S EXHIBIT 10

Thank you,

Tom



**Thomas Walsh | Attorney**
**Kisling, Nestico & Redick, LLC**
4853 Monroe St., Bldg B. Ste 3, Toledo, OH 43623
Main: 330-869-9007 x413 | Fax: 330-869-9008
www.knrlegal.com | Outside Ohio: 800-978-9007
Facebook  |  Twitter  |  Instagram  |  LinkedIn  |  YouTube

---

**From:** Thomas J. Walsh <twalsh@knrlegal.com>
**Sent:** Thursday, March 6, 2025 5:49 PM
**To:** OGIS <ogis@nara.gov>
**Cc:** Tammy R. Kellar <tkellar@knrlegal.com>
**Subject:** RE: Dispute of Denial of FOIPA Request; FOIPA Req. No. 1644612-000

Good Afternoon,

I am reaching out to supplement my inquiry from February 27, 2025. The OIP has reached a determination on our second appeal and has again chosen to affirm the FBI's decision to withhold "[a]ll video from July 15, 2024, depicting Jacob Bible during the subject incident, pursuit, and shooting, including, but not limited to, body camera video, dash camera video, and surveillance video." A copy of the determination regarding Appeal No. A-2025-00952, and Request No. 1644612-001, is attached.

As the FBI and the OIP is certainly aware, without this video our ability to investigate what transpired and determine if there is any basis for civil action regarding the shooting and death of Jacob Bible is significantly hindered. This very limited request seeks only records which are directly relevant and highly probative to the investigation of the killing of Jacob Bible.

We are again urging the OGIS to assist in mediating this dispute so that these records can be produced or at the very least reviewed by Counsel for Amy Blake, mother of Jacob Bible, to determine what basis may exist for civil action.

Again, this is a time sensitive matter given the applicable statutes of limitation. Please respond to our request for the assistance of the OGIS in mediating this dispute by or before March 13, 2025. If this matter is not resolved, we will be filing an action with the U.S. District Court for the Northern District of Ohio pursuant to 5 U.S.C. § 552(a)(4)(B).

Thank you,

Tom



**Thomas Walsh | Attorney**
**Kisling, Nestico & Redick, LLC**
4853 Monroe St., Bldg B. Ste 3, Toledo, OH 43623
Main: 330-869-9007 x413 | Fax: 330-869-9008
www.knrlegal.com | Outside Ohio: 800-978-9007
Facebook  |  Twitter  |  Instagram  |  LinkedIn  |  YouTube

---

**From:** Thomas J. Walsh <twalsh@knrlegal.com>
**Sent:** Thursday, February 27, 2025 2:00 PM
**To:** OGIS <ogis@nara.gov>
**Cc:** Tammy R. Kellar <tkellar@knrlegal.com>
**Subject:** RE: Dispute of Denial of FOIPA Request; FOIPA Req. No. 1644612-000
**Importance:** High

Good Afternoon,

After appealing the FBI's decision, the FBI's decision was affirmed. A copy of the appeal decision is attached. We are now seeking the assistance of the OGIS in mediating this dispute before we file a lawsuit on behalf of our Client, the Requester, Amy Blake.

The FBI's blanket denial of our FOIA request completely prevents Ms. Blake, and our office as her legal counsel, from investigating this incident to determine what happened and if there is a basis for any civil legal action. We submitted a second FOIA request on January 3, 2025, requesting "All video from July 15, 2024, depicting Jacob Bible during the subject incident, pursuit, and shooting, including, but not limited to, body camera video, dash camera video, and surveillance video." That narrowly tailored request was also denied by the FBI, and an appeal of that denial is now pending. Copies of both FOIA requests are attached for reference.

Certain statutes of limitation apply to the civil claims that may be brought by Ms. Blake and the estate of her deceased son. So, we request that a mediation be scheduled at the earliest convenience of the OGIS.

You are welcome to reach me directly via email or by phone at: (330) 869-9007, ext. 413.

Thank you,

Tom



**Thomas Walsh | Attorney**
**Kisling, Nestico & Redick, LLC**
4853 Monroe St., Bldg B. Ste 3, Toledo, OH 43623
Main: 330-869-9007 x413 | Fax: 330-869-9008
www.knrlegal.com | Outside Ohio: 800-978-9007
Facebook  |  Twitter  |  Instagram  |  LinkedIn  |  YouTube

**From:** OGIS <ogis@nara.gov>
**Sent:** Monday, December 9, 2024 12:53 PM
**To:** OGIS <ogis@nara.gov>
**Cc:** Thomas J. Walsh <twalsh@knrlegal.com>
**Subject:** Re: Dispute of Denial of FOIPA Request; FOIPA Req. No. 1644612-000

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Thomas Walsh,

We have attached a letter responding to your request for Office of Government Information Services (OGIS) assistance.

Thank you,

The OGIS staff

On Wednesday, November 20, 2024 at 2:24:23 PM UTC-5 Thomas J. Walsh wrote:

Good Afternoon,

On behalf of our client, Amy Blake, and her deceased son, Jacob Bible, I am requesting the Office of Government Information Services' assistance in resolving a dispute over the denial of a valid FOIPA request prior to filing an appeal with the OIP Director. If I need to file an appeal prior to seeing the assistance of the OGIS, please let me know and I will do so.

This correspondence is regarding FOIPA Request Number 1644612-000. We requested various records regarding the incident of July 15, 2024, which lead to the shooting and death of Jacob Bible. A copy of our FOIA request is attached. I have also attached copied of correspondence received from the Section Chief, Michael G. Seidel.

In response to our request, we received a blanket denial of all items requested. In order to investigate this incident and adequately protect the rights of our client, we need to obtain copies of the materials requested or, at least, have the opportunity to inspect said materials. It is also important to note that we have statutes of limitations to comply with in an civil action that is brought. So, we do not have the ability to wait indefinitely for the release of this material after any and all investigations have concluded.

Please confirm whether or not your office will be able assist in the resolution of this matter and let me know the next steps that need to be taken on our end. You can reach me via email or directly at (330) 869-9007, ext. 413.

Thank you,

Tom



**Thomas Walsh | Attorney**
**Kisling, Nestico & Redick, LLC**
4853 Monroe St., Bldg B. Ste 3, Toledo, OH 43623
Main: 330-869-9007 x413 | Fax: 330-869-9008
www.knrlegal.com | Outside Ohio: 800-978-9007
Facebook  |  Twitter  |  Instagram  |  LinkedIn  |  YouTube

 

December 9, 2024—Sent via email

Thomas Walsh
twalsh@knrlegal.com

Dear Thomas Walsh:

This responds to your November 20, 2024 submission to the Office of Government Information Services (OGIS). OGIS is the federal Freedom of Information Act (FOIA) Ombudsman. We assist the public and federal agencies by helping them resolve their FOIA disputes, and by addressing their questions and concerns about the FOIA process. OGIS has no investigatory or enforcement power, nor can we compel an agency to release documents. Instead, OGIS provides information to FOIA requesters and federal agencies to increase understanding and resolve disputes.

We carefully reviewed your submission of information and we understand that the Federal Bureau of Investigation (FBI) denied your FOIA request pursuant to FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A). It is unclear from your submission whether you appealed the FBI's response according to the directions provided in the agency's response letter. If you have not done so already, we strongly encourage you to file a FOIA administrative appeal.

The appeal is an important part of the FOIA administrative process, and OGIS's assistance does not replace the appeal process. By filing an appeal, you preserve your administrative rights and give the agency a chance to look at the request anew and carefully review and reconsider every part of the initial response. Based on the available information, the appeals office will independently determine whether the agency properly processed your request at the initial stage. The appeals office may affirm the initial response in full or it may reverse or modify the initial response. The agency will notify you of its appeal determination in writing.

At this time, if you are concerned with the FBI's initial response to your request, your best course of action is to file an appeal and work your way through the agency's FOIA administrative appeal process. If you dispute the appeal determination or have questions or concerns that we have not addressed, please contact us again and provide us with a copy of your appeal and the agency's response.

We hope you find this information useful. Thank you for bringing this matter to OGIS; at this time we will take no further action.

Sincerely,
The OGIS Staff





An official website of the United States government
Here's how you know



# FOIA.gov

**Thank you for visiting FOIA.gov, the government's central website for FOIA.** We'll continue to make improvements to the site and look forward to your input. Please submit feedback to National.FOIAPortal@usdoj.gov.

**Submission ID:** 1861606

# Success!

## Your FOIA request has been created and is being sent to the Federal Bureau of Investigation.

You'll hear back from the agency confirming receipt in the coming weeks using the contact information you provided. If you have questions about your request, feel free to reach out to the agency FOIA personnel using the information provided below.

### Contact the agency

FOIA Requester Service Center

540-868-4593

Shannon Hammer, FOIA Public Liaison

540-868-2101

Michael G. Seidel, Section Chief, Record/Information Dissemination Section
200 Constitution Drive
Winchester, VA 22602



PLAINTIFF'S
EXHIBIT

12A

# Request summary

Request submitted on **January 3, 2025**.

The confirmation ID for your request is **1861606**.



The confirmation ID is only for identifying your request on FOIA.gov and acts as a receipt to show that you submitted a request using FOIA.gov. This number does not replace the information you'll receive from the agency to track your request. In case there is an issue submitting your request to the agency you selected, you can use this number to help.

## Contact information

**Name**
Thomas Walsh

**Mailing address**
3412 West Market Street
Akron, 44333

**Phone number**
3308699007

**Company/organization**
Kisling Nestico and Redick

**Email**
twalsh@knrlegal.com

---

## Additional information

FOIA - Jacob Bible - Second Request 1-3-2025.pdf

**Deceased Individual's First Name**
Jacob

**What is the subject of your request?**

deceased

**Signature (typed)**

Thomas Walsh

**I am making this request on behalf of**

organization

**Address Type**

domestic

**By providing an electronic signature below I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. Section 552(a)(3) by a fine of not more than $5,000.**

yes

**Today's date**

01/03/2025

**State**

OH

**Deceased Individual's Last Name**

Bible

---

# Fees

**What type of requester are you?**

commercial

**Fee waiver**

option4

**The amount of money you're willing to pay in fees, if any**

# Request expedited processing

## Expedited processing
no



## CONTACT

Office of Information Policy (OIP)
U.S. Department of Justice
441 G St, NW, 6th Floor
Washington, DC 20530
E-mail: National.FOIAPortal@usdoj.gov

Hero image credit ↗ CC3.0

| FREQUENTLY ASKED QUESTIONS

| DEVELOPER RESOURCES

| AGENCY API SPEC

| FOIA CONTACT DOWNLOAD

| FOIA DATASET DOWNLOAD

| ACCESSIBILITY

| PRIVACY POLICY

| POLICIES & DISCLAIMERS

| JUSTICE.GOV

| USA.GOV ↗



Kisling, Nestico
& Redick

O H I O   I N J U R Y   A T T O R N E Y S

**1-800-HURT-NOW**
1-800-978-9007 Outside Ohio
www.knrlegal.com

4853 Monroe Street, Bldg. B, Ste. 3
Toledo, OH 43623

January 3, 2025

Federal Bureau of Investigation                                           Page **1** of **2**
**Attn: Initial Processing Operations Unit**
Record/Information Dissemination Section
200 Constitutional Drive
Winchester, VA 22602

      **RE:    FOIA Request**

To Whom It May Concern:

This public records request is submitted on behalf of our client, Amy Blake, mother of Jacob Bible. Pursuant to the Freedom of Information Act (5 U.S.C. § 552), as well as Ohio Law, including the Ohio Open Records Law (O.R.C. § 149.43), please accept this letter as a formal FOIA request seeking the opportunity to inspect and/or obtain copies of the following public records from the Federal Bureau of Investigation (*hereinafter* "FBI") regarding the shooting of Jacob Bible and the execution of search warrants for 1072 Perron Road SE, Carrollton, Ohio 44615, on or about July 15, 2024 (*hereinafter* "subject incident"):

    1. **All video from July 15, 2024, depicting Jacob Bible during the subject incident, pursuit, and shooting, including, *but not limited to*, body camera video, dash camera video, and surveillance video.**

A prior public records request was sent regarding the subject incident on August 28, 2024. However, that request was denied, and that denial will be appealed shortly. Please be aware that this second request does not replace or nullify the original request.

If you and/or your office are not in possession of any of the above materials, we further request that you identify the agency, department, and/or individual that is in possession of such materials.

We request a prompt response to this request. If you anticipate that you will be unable to provide the requested materials within thirty (30) days of this letter, please notify our office. We further request that you provide materials on a rolling basis as they become available.

If this request is denied totally or in part, please cite each specific exemption that justifies the refusal to release such information. Despite any denial of our above requests, please preserve in original form all of the above requested materials in addition to any other materials which may be relevant to the subject incident.

---

AKRON · CANTON · CINCINNATI · CLEVELAND · COLUMBUS · DAYTON · TOLEDO



PLAINTIFF'S
EXHIBIT

12B

All responsive materials should be sent via fax to (330) 869-9008 or emailed directly to twalsh@knrlegal.com. If materials must be mailed, please send them to 4853 Monroe Street, Bldg. B, Ste. 3, Toledo, OH 43623. If you require said materials be retrieved in-person, promptly email or call our office when said materials are available.

Sincerely,

*Thomas J. Walsh II*

Thomas J. Walsh II, Esq.
Kisling, Nestico & Redick, LLC
Phone: (330) 869-9007, ext. 413
Email: twalsh@knrlegal.com



👤 My Account    ⎋ Sign Out    ❓ Help

HOME        TRACKING INBOX

Tracking Inbox  »  Appeal

### A-2025-00705
Requester:  Walsh, Thomas

Status: Closed

**Appeal**

## Appeal Information

| | | | |
|---|---|---|---|
| Received Date | 01/16/2025 | Agency | OIP |
| | | Document Delivery Method | Email |

## Request Information

| | |
|---|---|
| Request Number | 1644612-000 |
| Component | FBI |
| Subject of Request | FOIPA Request seeking the opportunity to inspect and/or obtain copies of public records from the FBI regarding the shooting of Jacob Bible and the execution of search warrants for 1072 Perron Road SE, Carrollton, Ohio 44615, on or about July 15, 2024. Records requested include:<br><br>(1) All video from July 15, 2024, of the subject incident, events leading up to the subject incident, and events following the subject incident, including, but not limited to, body camera video, dash camera video, and surveillance video. (2) All video of Jacob Bible on July 15, 2024, and at any time prior to July 15, 2024. (3) All video of 1072 Perron Road SE, Carrollton, Ohio 44615, and curtilage thereto on July 15, 2024, and at any time prior to July 15, 2024. (4) All investigative reports regarding the subject incident including, but not limited to, report(s) of the shooting and investigation of the use of deadly force, along with investigatory findings and remedial measures and/or disciplinary actions taken. (5) All witness statements regarding the subject incident. (6) All warrants, including all attachments and addendums thereto, which were executed on July 15, 2024, at or near 1072 Perron Road SE, Carrollton, Ohio 44615. (7) All correspondence regarding the execution of any warrant(s) upon 1072 Perron Road SE, Carrollton, Ohio 44615, and/or Jacob Bible. (8) Identification of all persons, entities, and/or agencies present at or near 1072 Perron Road SE, Carrollton, Ohio 44615, on July 15, 2024. (9) Identification of all persons, entities, and/or agencies involved in the execution of any warrant(s) at or near 1072 Perron Road SE, Carrollton, Ohio 44615, on July 15, 2024. (10) The complete personnel file for any individual who discharged a firearm, taser, and/or mace during the subject incident. (11) The complete personal file for any individual whose actions resulted in the death of Jacob Bible. (12) The FBI's use-of-force training manual, materials, syllabus, and requirements. (13) All correspondence between the FBI and the Carroll County Sheriff's Office regarding the subject incident, the investigation of the subject incident, and/or the execution of any warrant(s) at or near 1072 Perron Road SE, Carrollton, Ohio 44615. (14) A complete log of any items seized from 1072 Perron Road SE, Carrollton, Ohio 44615, and/or Jacob Bible. |

## Basis for Appeal

| | |
|---|---|
| Description of Appeal | In response to the subject FOIPA request, the FBI responded with a blanket denial of all materials requested pursuant to 5 U.S.C. § 552(b)(7)(a). Certainly not all of the records requested fall within this exception. Video files depicting the entrance into the domicile, any pursuit of Jacob Bible, and then the shooting of Jacob Bible, is highly relevant to our investigation. Moreover, the release of that section of video, alone, cannot be reasonably expected to interfere with any other enforcement proceedings. Unless, of course, the agents who shot and killed Jacob Bible are being investigated for that very purpose. In which case, the victim's family should be notified of that investigation and the video should be released to Counsel for investigation and pursuit of a civil action. Another example is itemized request number twelve (12) which requests "[t]he FBI's use-of-force training manual, materials, syllabus, and requirements." These materials have no bearing on enforcement of criminal proceedings as they are basic internal training materials. As to all of Requestor's requests, the FBI has a duty pursuant to 5 U.S.C. § 552 to produce any and all records that do not fall under an exception. Instead, the FBI has a denied all requests in their entirety based on one cited exception. Requester appeals this denial and further requests that all records that fall outside of the cited exception be provided to Requestor. |
| Based on Denial of Fee Waiver | No |
| Based on Denial of Expedited Processing | No |
| Requester Item Type 1 | Supplemental Information |



**PLAINTIFF'S EXHIBIT**

**13**

| Requester Items 1 | FOIA Request - Jacob Bible - FBI.pdf |
| Requester Item Type 2 | Supplemental Information |
| Requester Items 2 | FOIA Request - Jacob Bible - FBI - 8-28-2024.pdf |
| Requester Item Type 3 | Supplemental Information |
| Requester Items 3 | FOIPA Request No. 1644612-000 - FBI's Denial.pdf |

## Requester Contact Information

| Salutation | Mr. | | Address Type | Work |
| First Name | Thomas | | Country | United States |
| Middle Name | | | Address Line 1 | 4853 Monroe Street |
| Last Name | Walsh | | Address Line 2 | Building B, Suite 3 |
| Email Address | twalsh@knrlegal.com | | City | Toledo |
| Organization | Kisling, Nestico & Redick, LLC | | State | Ohio |
| Register Number | | | Zip/Postal Code | 43623 |
| Phone Number | 3308699007 | | | |
| Fax Number | | | | |
| Other Information | Phone Ext. 413 | | | |

## Expedited Processing Information

| Expedited Processing Requested? | Yes | | Expedited Justification | This material is sought to invest... |
| Expedited Processing Request Date | | | | behalf of Amy Blake and the Es... |
| Expedited Processing Determination | Denied | | | statutes of limitations that apply... |
| | | | | which may be brought, it is imp... |
| Standards for Expedition | 3. The loss of substantial due process rights. | | | quickly as possible for review. T... |
| | | | | request submitted on August 28... |
| | | | | investigation. Accordingly, we re... |
| | | | | that this investigation may be co... |
| | | | | the parties to pursue their rights... |
| | | | | statutes of limitation. |



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 24, 2025

MR. THOMAS J. WALSH III
3412 WEST MARKET STREET
AKRON, OH 44333

FOIPA Request No.: 1644612-001
Subject: BIBLE, JACOB T.
(INCIDENT ON OR ABOUT JULY 15, 2024)

Dear Mr. Walsh:

This responds to your Freedom of Information/Privacy Acts (FOIPA) request. Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

The FBI has completed its search for records subject to the FOIPA that are responsive to your request. The material you requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A).  5 U.S.C. § 552(b)(7)(A) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only
> to the extent that the production of such law enforcement records or
> information ... could reasonably be expected to interfere with
> enforcement proceedings...

The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information could reasonably be expected to interfere with enforcement proceedings.  Therefore, your request is being administratively closed.  For a further explanation of this exemption, see the enclosed Explanation of Exemptions.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.  **"Part 1"** of the Addendum includes standard responses that apply to all requests.  **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals.  **"Part 3"** includes general information about FBI records that you may find useful.  Also enclosed is our Explanation of Exemptions.

Additional information about the FOIPA can be found at www.fbi.gov/foia.  Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov.  Please reference the FOIPA Request number listed above in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  If possible, please provide a copy of your original request and this response letter with your appeal.



**PLAINTIFF'S EXHIBIT**

14

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information. Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i) **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)]. FBI responses are limited to those records subject to the requirements of the FOIPA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii) **Intelligence Records.** To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i) **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii) **Requests for Records about any Individual—Witness Security Program Records.** The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

(iii) **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i) **Record Searches and Standard Search Policy.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records or administrative records of previous FOIPA requests.

    a. *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation

    b. *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii) **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii) **Foreseeable Harm Standard.** As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)). The FBI considers this foreseeable harm standard in the processing of its requests.

(iv) **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Thomas Walsh, Esq.

Re:   Appeal No. A-2025-00705
Request No. 1644612-000

twalsh@knrlegal.com

**VIA: Online Portal - 2/25/2025**

Dear Thomas Walsh:

You appealed on behalf of your client, Amy Blake, from the action of the Federal
Bureau of Investigation (FBI) on your client's Freedom of Information Act (FOIA) request for
access to various records concerning Jacob Bible. I note that your appeal concerns the full
denial of your client's request under Exemption (b)(7)(A).

After carefully considering your appeal, I am affirming, on partly modified grounds, the
FBI's action on your client's request. The FOIA provides for disclosure of many agency
records. At the same time, Congress included in the FOIA nine exemptions from disclosure
that provide protection for important interests such as personal privacy, privileged
communications, and certain law enforcement activities. The FBI properly withheld
this information in full because it is protected from disclosure under the FOIA pursuant to
5 U.S.C. § 552(b)(7)(A) and it is reasonably foreseeable that disclosure of this information
would harm the interests protected by this provision. This provision concerns records or
information compiled for law enforcement purposes the release of which could reasonably be
expected to interfere with enforcement proceedings.

Regarding Point Twelve of your request, please be advised that responsive records can
be found on the Vault, specifically at "FBI Domestic Investigations and Operations Guide
(DIOG) 2024 Version", part 2, pages 325 330:

https://vault.fbi.gov/FBI%20Domestic%20Investigations%20and%20Operations%20Guide%20
%28DIOG%29/fbi-domestic-investigations-and-operations-guide-diog-2024-
version/FBI%20Domestic%20Investigations%20and%20Operations%20Guide%20%28DIOG
%29%202024%20Version%20Part%2002/view.

Please be advised that this Office's decision was made only after a full review of this



**PLAINTIFF'S EXHIBIT**

15

matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your client's underlying request, and the action of the FBI in response to your client's request.

If your client is dissatisfied with my action on your appeal, the FOIA permits your client to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your client's right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling 202-514-3642.

Sincerely,

X _Rianna Barrett_
_____

Rianna Barrett,
Associate Chief, for Christina Troiani, Chief,
Administrative Appeals Staff

Case: 1:25-cv-01212   Doc #: 1   Filed: 06/09/25   69 of 74.   PageID #: 69

👤 My Account        ↪ Sign Out        ❓ Help

HOME        TRACKING INBOX

Tracking Inbox  »  Appeal

 **A-2025-00952**
      Requester:  Walsh, Thomas

Status: Closed

**Appeal**

### Appeal Information

| | | | |
|---|---|---|---|
| Received Date | 02/26/2025 | Agency | OIP |
| | | Document Delivery Method | Email |

### Request Information

**Request Number**      1644612-001

**Component**      FBI

**Subject of Request**      On behalf of our Client, the Requester, Amy Blake, mother of the deceased, Jacob Bible, we requested only the following:

"All video from July 15, 2024, depicting Jacob Bible during the subject incident, pursuit, and shooting, including, but not limited to, body camera video, dash camera video, and surveillance video."

This request was made on behalf our client, Ms. Blake, to investigate the shooting and death of her son, Jacob Bible. This video footage is necessary for her and her legal counsel to properly investigate the shooting and death of Jacob Bible and determine if there is any basis for civil legal action. However, the FBI has refused to provide any such video file(s), alleging that "[t]he material you requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A)." This is the only claimed basis for denial given by the FBI in response to Ms. Blake's request.

Please note that while Ms. Blake is the Requester, Counsel's contact information is provided below as all communication should be directed to our office and not to Ms. Blake directly. Also, enclosed as supplemental information is Requester's original request of January 3, 2025, and the FBI's denial letter of January 24, 2025.

### Basis for Appeal

**Description of Appeal**      The Requester, Amy Blake, has a legal right to obtain and have legal counsel review the video depicting the pursuit and shooting of her deceased son, Jacob Bible, on July 15, 2024, to determine if there is any legal basis for a civil action to be brought. This request is narrowly tailored to avoid overlapping or interfering with any other investigations. Accordingly, the release of this information could not "reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A).

Receiving any such video files as soon as possible is essential, given the applicable statutes of limitation that govern the time in which a civil legal action can be commenced. On the other hand, withholding this essential evidence from the Requester will prohibit her and her son's estate from assessing what civil actions can be taken, thereby substantially affecting their Civil and Constitutional Rights.

Requester, by and through her Counsel, respectfully requests that the requested video file(s) be provided within fourteen (14) days of the ruling on this appeal.

**Based on Denial of Fee Waiver**      No

**Based on Denial of Expedited Processing**      No

**Requester Item Type 1**      Supplemental Information

**Requester Items 1**      FOIA - Jacob Bible - Second Request 1-3-2025.pdf

**Requester Item Type 2**      Supplemental Information

**Requester Items 2**      FOIA Response - Jacob Bible - 1-24-2025.pdf

**Requester Item Type 3**
**Requester Items 3**

### Requester Contact Information

| Salutation | Mr. | Address Type | Work |
|---|---|---|---|

**PLAINTIFF'S EXHIBIT**
**16**

| | | | |
|---|---|---|---|
| First Name | Thomas | Country | United States |
| Middle Name | | Address Line 1 | 4853 Monroe Street |
| Last Name | Walsh | Address Line 2 | Building B, Suite 3 |
| Email Address | twalsh@knrlegal.com | City | Toledo |
| Organization | Kisling, Nestico & Redick, LLC | State | Ohio |
| Register Number | | Zip/Postal Code | 43623 |
| Phone Number | 3308699007 | | |
| Fax Number | | | |
| Other Information | Phone Ext. 413 | | |

**Expedited Processing Information**

| | |
|---|---|
| Expedited Processing Requested? | No |



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Thomas Walsh, Esq.

               Re:   Appeal No. A-2025-00952
                        Request No. 1644612-001

twalsh@knrlegal.com

**VIA: Online Portal - 3/6/2025**

Dear Thomas Walsh:

You appealed on behalf of your client, Amy Blake, from the action of the Federal Bureau of Investigation (FBI) on your client's Freedom of Information Act (FOIA) request for access to records concerning the video of the shooting of Jacob Bible. I note that your appeal concerns the full denial of your client's request under Exemption (b)(7)(A).

After carefully considering your appeal, I am affirming the FBI's action on your client's request. The FOIA provides for disclosure of many agency records. At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities. The FBI properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A) and it is reasonably foreseeable that disclosure of this information would harm the interests protected by this provision. This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings.

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your client's underlying request, and the action of the FBI in response to your client's request.

If your client is dissatisfied with my action on your appeal, the FOIA permits your client to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-



**PLAINTIFF'S EXHIBIT**

17

exclusive alternative to litigation. Using OGIS services does not affect your client's right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling 202-514-3642.

Sincerely,

X _Rianna Barrett_

Rianna Barrett,
Associate Chief, for Christina Troiani,
Chief, Administrative Appeals Staff

 

April 10, 2025 — Sent via email

Thomas Walsh                                        Re: OGIS Case No. C-0000103063
twalsh@knrlegal.com

Dear Thomas Walsh:

This responds to your recent request for assistance from the Office of Government Information Services (OGIS).  As you are aware, OGIS is the federal Freedom of Information Act (FOIA) Ombuds; in this role, we complement existing practice and procedure by assisting with the FOIA process.  The FOIA directs agencies to include information about OGIS in all adverse FOIA response letters.  We provide information to FOIA requesters and federal agencies to increase understanding and resolve disputes.  However, OGIS has no investigatory or enforcement power, nor can we compel an agency to release documents.  Using OGIS services does not affect your right to pursue litigation.

We carefully reviewed your submission of information and we understand you requested records concerning Jacob Bible (**1644612-000**), and video, surveillance, and body camera footage related to Mr. Bible (**1644612-001**) from the Federal Bureau of Investigation (FBI).  The agency withheld the records you requested pursuant to FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A).  In response to your appeals (**A-2025-00705** and **A-2025-00952**), the Office of Information Policy (OIP)—the FOIA appellate authority for the FBI—upheld the determination that records maintained in an investigative file were properly withheld.  You seek assistance with this matter.

As you may be aware, FOIA Exemption 7(A) protects law enforcement records pertaining to a pending or prospective law enforcement investigation or proceeding when release of information "could reasonably be expected to interfere" with that investigation or enforcement proceeding. Courts have recognized the specific harm of disclosing law enforcement records, including the premature release of witness statements and potential documentary evidence, and have ruled that Exemption 7(A) remains applicable throughout long-term law enforcement investigations. However, Exemption 7(A) is "temporal" in nature; it is not intended to endlessly protect material simply because it is in an investigatory file.

Please know that when determining whether a case is open or closed, agency FOIA officers confer with the agency employees running an investigation or proceeding in order to determine if the case is open and subject to FOIA Exemption 7(A).  Even if a case is marked as closed, that status may only be provisional as the agency gathers more evidence; also, future developments such as the emergence of new witnesses may lead to a closed case being reopened.  Thus agencies must take care to ensure that records are not released pertaining to a case that is provisionally closed but may be reopened in the future.

**PLAINTIFF'S EXHIBIT**

**18**

You may wish to file a new request for the records you seek in a few months.  Please be aware that once Exemption 7(A)'s protections are lifted, the agency may still apply other exemptions to protect the records.

We hope that this information is useful in understanding the FBI's response to your request.  At this time, it appears that there is no further assistance OGIS can offer and we will take no further action at this time.  If you have questions or concerns that we have not addressed, please contact us again.  Thank you for bringing this matter to OGIS.

Sincerely,
The OGIS Staff